IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES R. ELLISON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 03-1289-MLB |
| ) | |
| **ROADTEC, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend his complaint to add a claim for punitive damages (Doc. 82). Defendant opposes the motion. For the reasons set forth below, plaintiff's motion to amend shall be GRANTED.

### Background

This is a product liability action. Plaintiff, a highway construction worker, was severely injured when he was run over by an asphalt milling machine (a Roadtec RX-60B) at a construction site near Mulvane, Kansas. The milling machine was designed and manufactured by Roadtec, Inc. Plaintiff alleges that Roadtec is liable for his injuries under theories of (1) strict liability, (2) negligence, and (3) breach of warranty. As noted above, plaintiff moves to add a claim for punitive damages based on allegations that defendant's "wanton conduct

contributed to Ellison's injuries."

## Analysis

The standard for permitting a party to amend its complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). Defendant argues futility, timeliness, and prejudice in opposing the motion.

## Futility

In support of his motion, plaintiff argues that defendants knew that a danger of death or severe injury was imminent but failed to install "bumper bars" and/or visual augmentation devices on the milling machine. Plaintiff also asserts that the failure to provide such safety

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

devices was tantamount to "wanton conduct" and that punitive damages are warranted. Defendant contends that the amendment is futile because there is no history of mechanical failures causing the type of accident alleged in this lawsuit nor have there been any previous run-over accidents involving the Roadtec RX-60B milling machine or any other Roadtec milling machine. Plaintiff counters that a milling machine manufactured by Ingersoll-Rand caused a run-over accident and that defendant knew or should have known of the unreasonable danger posed by its machine and taken steps to improve the design.

Both parties agree that in Kansas, punitive damages may be "awarded to punish the wrongdoer for malicious, vindictive, or willful or wanton invasion of another's rights" and that "wanton conduct" is an act performed with a realization of the imminence of danger and a reckless disregard and indifference to the probable consequences of the act. However, the parties reach different conclusions concerning the appropriateness of punitive damages, because their versions and interpretations of the facts differ. Simply stated, disputed facts exist which cannot be resolved in the context of this motion to amend. Because factual disputes exist, the court is unable to conclude as a matter of law that plaintiff's claim for punitive damages is futile.

**Timeliness and Prejudice**

Defendant argues that the motion to amend is untimely because this case is set for trial in July 2005. However, defendant is mistaken in its belief that a firm trial date has been established. No trial date has been set and the case is currently set for a final pretrial

conference on June 20, 2005.[2]

Defendant also argues that the motion is untimely because fact discovery closed October 28, 2004 and allowing the amendment at this late date is prejudicial. Plaintiff counters that the revised scheduling order (Doc. 78, filed September 10, 2004) directed plaintiff to file his motion to amend by December 30, 2004; therefore, defendant had notice before the close of fact discovery that plaintiff would move to add a claim for punitive damages.[3] Plaintiff also argues that his claim for punitive damages is based upon his expert witness' report which was provided to defendant on December 13, 2004.

The court agrees with defendant's general argument that plaintiff's claim for punitive damages should have been asserted earlier in this case.[4] However, defendant has not identified the need for any specific discovery resulting from plaintiff's request to add punitive damages. Although the timing of the motion is troubling, the court is not persuaded that prejudice has been shown. Moreover, any prejudice may be cured by an extension of time for defendant to complete additional fact discovery. Accordingly, the motion shall be granted.

---

[2] The scheduling order states that the case *will be ready* for trial by July 2005. (Doc. 78). Judge Belot's practice is to set a trial date during the final pretrial conference after consultation with counsel.

[3] Plaintiff filed his motion to amend on December 28, 2004. This ruling was deferred while the parties engaged in mediation.

[4] As noted, plaintiff's expert opines that because of the dangers associated with operating the milling machine a bumper bar and/or visual augmentation should have been installed to prevent a run-over accident. The expert did not need to wait for the completion of fact discovery to reach this conclusion.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 82)** is **GRANTED.** Plaintiff shall file his amended complaint by **May 19, 2005.**

**IT IS FURTHER ORDERED** that defendant shall file any motion to reopen discovery by **May 19, 2005.** The motion shall specify the nature of additional discovery requested and a time frame for completing such discovery.

Dated at Wichita, Kansas this 9th day of May 2005.

S/ Karen M. Humphreys

———————————————

KAREN M. HUMPHREYS
United States Magistrate Judge